Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| JULIO ARANGO FRÍAS | | Revisión Judicial Procedente del DEPARTAMENTO DEL TRABAJO Y RECUROS HUMANOS |
|---|---|---|
| Apelante | | |
| v. | KLRA202300616 | Apelación Núm.: SJ-00397-23 |
| NEGOCIADO DE SEGURIDAD DE EMPLEO (NSE) | | |
| Apelado | | Sobre: Elegibilidad a los beneficios de compensación por desempleo, Sección 4(b)(3) de la Ley de Seguridad de Empleo de Puerto Rico |
| DAMARIS GONZÁLEZ MARTÍNEZ | | |
| Reclamante | | |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de diciembre de 2023.

El 4 de diciembre de 2023, el Doctor Julio Arango Frías (en adelante, apelante/peticionario o Doctor Arango) compareció ante este Tribunal de Apelaciones y nos solicitó la revocación de la *Decisión del Secretario del Trabajo y Recursos Humanos* (en adelante, Decisión) emitida en la causa de epígrafe con fecha del 1 de noviembre de 2023. Por virtud del aludido dictamen, la Oficina de Apelaciones ante el Secretario del Departamento del Trabajo y Recursos Humanos desestimó la *Apelación* que este instó sobre el *Aviso al último patrono sobre determinación* por haberse presentado tardíamente.

Evaluado el recurso y los documentos que lo acompañan, tal como nos autoriza a hacer la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 7(B)(5), a los fines de impartir justicia, prescindimos de la comparecencia del Departamento del Trabajo y Recursos Humanos (en adelante, DTRH) y demás partes y resolvemos.

Número Identificador

SEN2023 _____

I

Conforme surge del apéndice del recurso, el **14 de agosto de 2023**, el Negociado de Seguridad de Empleo, División de Seguro por Desempleo del DTRH emitió, dirigido al Doctor Arango, un *Aviso al último patrono sobre determinación* relacionado al caso de Damaris González Martínez (en adelante, González Martínez).[1] En este, le notificó que González Martínez solicitó los beneficios por desempleo, identificándolo como su último patrono y que la determinación en cuanto a tal solicitud era una favorable "debido a que el despido o suspensión no se considera que fuera causado por conducta incorrecta relacionada con su trabajo". El aviso advertía que, de no estar de acuerdo con la decisión, podía apelarla dentro de los quince (15) días siguientes a la fecha de su envío, utilizando el formulario del aviso o personalmente en la oficina local del Negociado de Seguridad de Empleo de su área. Asimismo, indicaba que el último día para apelar era el 08/29/2023 (29 de agosto de 2023).[2]

Por discrepar de la decisión notificada, el Doctor Arango instó *Apelación* en la que, señalando la decisión que apelaba, informó su descontento con la misma, afirmó y sometió evidencia acreditativa de que el despido de González Martínez fue justificado, y solicitó la celebración de una vista oral. El 1 de noviembre de 2023, notificada al día siguiente, el DTRH emitió la Decisión. En esta, consignó que "[l]a Resolución de la Árbitro le fue notificada a las partes el 28 de marzo de 2023, y el patrono-apelante radicó su escrito de apelación ante el Secretario del Trabajo y Recursos Humanos el 27 de septiembre de 2023." Luego, señaló que la apelación instada por el peticionario había sido sometida luego de haber expirado el término de quince (15) días que la ley establece, procediendo entonces a desestimarla.

---

[1] Caso núm. 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.
[2] Según observamos, el matasellos del sobre indica que el aviso fue notificado el 15 de agosto de 2023.

Insatisfecho, el Doctor Arango instó el recurso de epígrafe y señala que el DTRH se equivocó al desestimar su apelación y que tal determinación fue una injustificada y en clara violación al debido proceso de ley que le cobija. Específicamente señala que las fechas que la Decisión contiene no son aquellas correspondientes al caso, por lo que la desestimación fue incorrecta. En primer lugar, señala que, contrario a lo señalado en la Decisión, la determinación sobre la que se instó la apelación se notificó el **14 de agosto de 2023** y no el 28 de marzo del mismo año. Segundo, apunta a que su *Apelación* fue presentada el **29 de agosto de 2023** no el 27 de septiembre de 2023 como señala la Decisión.

Atendido el recurso, hemos estudiado minuciosamente el *Aviso al último patrono sobre determinación;* la *Apelación* sometida por el Doctor Arango y la determinación recurrida. Así hecho, estamos convencidos de que la desestimación decretada por el DTRH es inconsistente con los documentos que conforman el expediente por lo que debe ser revocada. Explicamos.

II

A.

La competencia de este Tribunal de Apelaciones para revisar las actuaciones administrativas está contemplada en la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley 38-2017, 3 LPRA Sec. 9601, *et seq*. A tales efectos, la Sección 4.1 de la LPAU dispone sobre la revisión judicial aplicable a aquellas órdenes, resoluciones y providencias adjudicativas finales dictadas por agencias, las que serán revisadas por el Tribunal de Apelaciones mediante Recurso de Revisión. 3 LPRA Sec. 9671. Asimismo, la Sección 4.2 de la LPAU establece que la parte adversamente afectada por una orden o resolución final de una agencia, que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una

solicitud de revisión dentro de treinta (30) días contados a partir de la fecha de archivo en autos de la notificación de la orden o resolución final. 3LPRA Sec. 9672. La finalidad de esta disposición es delimitar la discreción de los organismos administrativos para asegurar que estos ejerzan sus funciones conforme a la ley y de forma razonable. Empresas Ferrer v. A.R.Pe., 172 DPR 254, 264 (2007).

Para impugnar la razonabilidad de la determinación administrativa, es necesario que la parte recurrente señale la prueba en el récord que reduzca o menoscabe el peso de la evidencia que obra en el expediente administrativo. Domínguez v. Caguas Expressway Motor, 148 DPR 387, 397-398 (1999) citando a Hilton Hotels. v. Junta de Salario Mínimo, 74 DPR 670, 686 (1953). La misma, debe ser suficiente como para que pueda descartarse en derecho la presunción de corrección de la determinación administrativa, no pudiendo descansar en meras alegaciones. Com. Vec. Pro-Mej., Inc. v. J.P., 147 DPR 750, 761 (1999). El criterio rector para examinar una decisión administrativa es la razonabilidad de la actuación de la agencia recurrida. González Segarra v. CFSE, 188 DPR 252, 276 (2013).

Por lo tanto, si al momento de examinar un dictamen administrativo se determina que: (1) la decisión administrativa no está basada en evidencia sustancial; (2) la agencia erró en la aplicación de la ley; (3) el organismo administrativo actuó de manera irrazonable, arbitraria o ilegalmente; o (4) su actuación lesiona derechos constitucionales fundamentales, entonces la deferencia hacia los procedimientos administrativos cede. IFCO Recycling v. Aut. Desp. Sólidos, 184 DPR 712 (2012), citando a Empresas Ferrer v. A.R.Pe., *supra*, a la pág. 264.

B.

Con el fin de promover la seguridad de empleos facilitando las oportunidades de trabajo por medio del mantenimiento de un sistema de oficinas públicas de empleo y proveer para el pago de compensación a personas desempleadas por medio de la acumulación de reservas se aprobó la Ley 74 del 21 de junio de 1956, y mejor conocida como la "Ley de Seguridad de Empleo de Puerto Rico" (en adelante (Ley 74), según enmendada. La Sección 3 de la Ley 74 establece la fórmula para el pago del beneficio de desempleo, mientras que la Sección 4 establece la elegibilidad para recibir el mismo.[3] En cuanto a la controversia que atendemos, la Sección 5 regula lo concerniente a las determinaciones, notificación y pago de beneficios.

En cuanto a la notificación escrita de determinaciones, el inciso (e) de la Sección 5 de la Ley 74, dispone como a continuación se transcribe:

(e) *Notificación escrita de determinaciones.* —

(1) Al reclamante se le dará prontamente una notificación escrita de la determinación que se haga sobre su condición de asegurado. Dicha notificación incluirá información sobre si el reclamante es un trabajador asegurado, la cantidad de salarios por trabajo asegurado que le hubiere sido pagado a él por cada patrono durante su período básico, y los nombres de los patronos que le hicieron dichos pagos. Con respecto a un trabajador asegurado, la notificación incluirá, además, información sobre su año de beneficio, su cantidad por semana de beneficio y la cantidad máxima de beneficios que puedan serle pagados por su desempleo durante dicho año. Y en cuanto a un trabajador no asegurado, el aviso incluirá información en cuanto a las razones de tal determinación.

(2) Si de acuerdo con la Sección 4 el Director determinase que un reclamante no es elegible para recibir crédito por semana de espera o beneficios por cualquier semana o semanas, suministrará prontamente a dicho reclamante una notificación escrita de dicha determinación, juntamente con información en cuanto a las razones de la misma y sobre el período cubierto por ésta. Se dará una sola notificación escrita al reclamante sobre dicha determinación con respecto al período cubierto por la misma, excepto que si el Director determinase que en cuanto a semanas sucesivas de desempleo dicho reclamante debe quedar descalificado bajo las disposiciones de la Sección 4 (b) (1) ó (6) por razón de los mismos hechos, se dará prontamente notificación escrita al reclamante de dicha determinación con respecto a la primera de dichas semanas. Y en lo sucesivo se dará prontamente notificación escrita de tal determinación al reclamante y a solicitud de éste con respecto a cualquier subsiguiente semana o semanas, o en ausencia de tal

---

[3] 29 LPRA Secs. 703 y 704.

solicitud, se le dará pronta notificación con respecto a cada período que no exceda de cuatro (4) semanas.

(3) La unidad de empleo que últimamente hubiere empleado al reclamante tendrá derecho a ser notificada por escrito de una determinación que se haga bajo la Sección 4(b), pero solamente si, con anterioridad a dicha determinación, ella hubiere suministrado información al Director de acuerdo con las disposiciones de la Sección 5(c) y se dará, asimismo, pronta notificación escrita a dicha unidad de empleo de cualquier determinación que se haga de acuerdo con la Sección 4(b) que esté basada totalmente o en parte en la información suministrada, juntamente con las razones de tal determinación, o se dará notificación escrita si se determinase que la persona en cuestión no es un trabajador asegurado.

(4) La notificación escrita de cualquier determinación a que una persona tenga derecho le será hecha con prontitud mediante el envío de la misma por correo u otro medio a su última dirección conocida. Dicha notificación contendrá información clara con respecto al derecho de apelación de las partes.

De otra parte, el inciso (f) de dicha sección establece que "[u]na determinación será considerada como final a menos que la parte que tenga derecho a ser notificada de la misma solicite su reconsideración o apele de ella dentro de quince (15) días desde que dicha notificación le hubiere sido enviada por correo o de algún otro modo a su última dirección conocida. Disponiéndose, que dicho período puede ser prolongado por justa causa. A los fines de la Sección 5(g), un pago de beneficios será considerado como una determinación, y se dará aviso al reclam[a]nte de su elegibilidad para recibir pago por el período cubierto por la misma."

Por último, la Sección 6 de la Ley 74- en cuanto a las apelaciones- dispone en su inciso (b) que "[c]ualquier parte con derecho a recibir notificación de alguna determinación según lo dispuesto en la Sección 5(e) puede establecer apelación contra la determinación ante un árbitro dentro del tiempo especificado en las Secciones 5(f) y 5(g)(6).".

### III

Conforme ya adelantamos, tras estudiar el recurso de revisión sometido ante nuestra consideración por el peticionario y los documentos en él contenidos hemos concluido que la deferencia que las determinaciones administrativas como regla general merecen debe ceder en

el presente caso. Ello así, ya que- como correctamente señala el Doctor Arango- el *Aviso al último patrono sobre determinación* sobre el que este instó *Apelación* se emitió el **14 de agosto de 2023** y no el 28 de marzo del mismo año como indica la decisión recurrida. De la misma manera, el ponche de radicación de la *Apelación* claramente demuestra que esta fue sometida el **29 de agosto de 2023** y no el 27 de septiembre de 2023 como señaló el DTRH al desestimarla.

Utilizando las fechas que surgen de los documentos emitidos por la propia agencia, así como la copia de la *Apelación* producida por el peticionario, puede apreciarse que la Apelación sometida por el Doctor Arango fue instada dentro del término de 15 que arriba indicamos establece la Ley 74 para ello. Por tanto, la desestimación de la *Apelación* descansó en información incongruente a la realidad del expediente administrativo. Por ello, la revocamos.

IV

Por los fundamentos antes esbozados, revocamos la *Decisión del Secretario del Trabajo y Recursos Humanos* emitida en la causa de epígrafe con fecha del 1 de noviembre de 2023 y se ordena al Departamento del Trabajo y Recursos Humanos a continuar con los procedimientos conforme lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones